IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IRONWORKS PATENTS, LLC,

    Plaintiff,

v.

APPLE INC.,

    Defendant.

Civil Action No. 17-1399-RGA

MEMORANDUM OPINION

Brian E. Farnan, Michael J. Farnan, FARNAN LLP, Wilmington, DE; David Berten, Alison Aubry Richards, Hannah Sadler, GLOBAL IP LAW GROUP, LLC, Chicago IL.

    Attorneys for Plaintiff.

David E. Moore, Bindu A. Palapura, Stephanie E. O'Byrne, POTTER ANDERSON & CORROON, Wilmington, DE; Xin-Yi Zhou, O'MELVENY & MYERS LLP, Los Angeles, CA; Luann L. Simmons, O'MELVENY & MYERS LLP, San Francisco, CA.

    Attorneys for Defendant.

June 12, 2018


**ANDREWS, U.S. DISTRICT JUDGE:**

Presently before the Court is Defendant's Motion to Dismiss for Failure to State a Claim (D.I. 10) and related briefing (D.I. 11, 14, 15). For the reasons that follow, the Court will deny Defendant's Motion to Dismiss for Failure to State a Claim.

## I. BACKGROUND

Plaintiff filed a patent infringement action on October 6, 2017 against Defendant, alleging infringement of U.S. Patent Nos. 6,850,150 ("the '150 patent"), 8,847,734 ("the '734 patent"), and RE39,231. (D.I. 1).

Plaintiff alleges infringement of claim 1 of the '150 patent and claim 1 of the '734 patent. (D.I. 1 at ¶¶ 55-77). The claims read as follows:

1. A portable device, comprising:

   control means for monitoring and controlling the operation of the device; and

   a user interface which comprises alarm means for performing a silent alarm producing a silent, invisible, tactile sensation in the user;

   wherein the control means are arranged to give the user abstract information on multiple internal operational events of the device by using various alarm patterns of silent, invisible sensations produced by the alarm means and sensed by the user, the alarm patterns differing from one another such that at least one alarm pattern characteristic sensed by the user varies, said abstract information comprising a notification of a selected item on a menu of the user interface.

('150 patent, claim 1).

1. A mobile station comprising:

   a user interface configured to enable a user to control operation of the mobile station by manual input and to obtain information on the operation of the mobile station,

   a tactile alert device configured to generate a tactile vibration, and

   a control circuit configured to control the tactile alert device to generate a first tactile vibration with a first pattern in response to a first event and a second tactile vibration with

1

a second pattern that is distinctly humanly perceptibly different from the first pattern in response to a second event different from the first event,

wherein one of the events is user entry of an incorrect personal identification number code.

('734 patent, claim 1).

Defendant argues that the '150 and '734 patents "claim subject matter ineligible for patent protection." (D.I. 11 at 1).

## II. LEGAL STANDARD

### A. Motion to Dismiss

Rule 8 requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

### B. Patent-Eligible Subject Matter

Section 101 of the Patent Act defines patent-eligible subject matter. It provides: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. The Supreme Court has recognized an implicit exception for three categories of subject matter not eligible for patentability—laws of nature, natural phenomena, and abstract ideas. *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014). The purpose of these carve outs is to protect the "basic

tools of scientific and technological work." *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 71 (2012). "[A] process is not unpatentable simply because it contains a law of nature or a mathematical algorithm," as "an application of a law of nature or mathematical formula to a known structure or process may well be deserving of patent protection." *Id.* (emphasis omitted). In order "to transform an unpatentable law of nature into a patent-eligible application of such a law, one must do more than simply state the law of nature while adding the words 'apply it.'" *Id.* at 72 (emphasis omitted).

The Supreme Court recently reaffirmed the framework laid out in *Mayo* "for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." *Alice*, 134 S. Ct. at 2355. First, the court must determine whether the claims are drawn to a patent-ineligible concept. *Id.* If the answer is yes, the court must look to "the elements of the claim both individually and 'as an ordered combination'" to see if there is an "'inventive concept'—*i.e.*, an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Id.* (alteration in original

Patent eligibility under § 101 is a question of law suitable for resolution on a motion to dismiss. *See OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015); *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1346 (Fed. Cir. 2014), *cert. denied*, 136 S. Ct. 119 (2015). The Federal Circuit follows regional circuit law for motions to dismiss. *Content Extraction*, 776 F.3d at 1346.

## III. DISCUSSION

Plaintiff alleges infringement of claim 1 of the '150 patent and claim 1 of the '734 patent. (D.I. 1 at ¶¶ 55-77).

3

"First, we determine whether the claims at issue are directed to [an abstract idea]." *Alice*, 134 S. Ct. at 2355. "The 'abstract ideas' category embodies 'the longstanding rule that [a]n idea of itself is not patentable.'" *Id.* (quoting *Gottschalk v. Benson*, 409 U.S. 63, 67 (1972)). "The Supreme Court has not established a definitive rule to determine what constitutes an 'abstract idea' sufficient to satisfy the first step of the *Mayo/Alice* inquiry." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016). The Supreme Court has recognized, however, that "fundamental economic practice[s]," *Bilski*, 561 U.S. at 611, "method[s] of organizing human activity," *Alice*, 134 S. Ct. at 2356, and mathematical algorithms, *Benson*, 409 U.S. at 64, are abstract ideas. In navigating the parameters of such categories, courts have generally sought to "compare claims at issue to those claims already found to be directed to an abstract idea in previous cases." *Enfish*, 822 F.3d at 1334. "But in determining whether the claims are directed to an abstract idea, we must be careful to avoid oversimplifying the claims because '[a]t some level, all inventions . . . embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas.'" *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 611 (Fed. Cir. 2016) (alterations in original) (quoting *Alice*, 134 S. Ct. at 2354).

Defendant argues that the asserted claims "fail the first step of the *Alice* test because they apply an abstract idea—using a vocabulary to convey information—to the user interface of a portable electronic device." (D.I. 11 at 7). More specifically, Defendant argues,

> The two asserted claims apply the abstract idea . . . in two contexts: (1) conveying "abstract information on multiple internal operational events" of a device, such as "a notification of a selected item on a menu of the user interface," via different "alarm patterns of silent, invisible sensations" (Claim 1 of the '150 Patent); and (2) conveying information regarding multiple "event[s]," such as the "entry of an incorrect personal identification number code," via "tactile vibration[s]" with different "pattern[s]" (Claim 1 of the '734 patent).

4

(D.I. 11 at 7). Defendant notes that the shared specification compares the alleged invention to the Braille system and explains that the claimed invention is "a kind of limited application of Braille system by means of vibration." (*Id.* (citing '150 patent, 2:31-33)).

Defendant argues that the "idea of using a vocabulary to convey information is abstract," and cites several Federal Circuit cases to that effect. (D.I. 11 at 8).

However, Plaintiff notes that "[c]laims to tangible systems are typically patent eligible. (D.I. 14 at 9 (citing *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018) (finding error in a district court decision where the patentee made "factual allegations" that, if accepted as true, "establish that the claimed combination contains inventive components and improves the workings of the computer"); *Immersion Corp. v. Fitbit, Inc.*, 2018 WL 1156979, at *14 (N.D. Cal. Mar. 5, 2018) ("other district courts . . . have rejected § 101 challenges where the claims are directed to a physical device that merely incorporates an abstract idea as part of its operation")).

In *Immersion Corp.*, a court in the Northern District of California rejected a patent eligibility challenge, stating the following:

> Under *Diehr* and *Thales Visionix*, it is clear that simply incorporating an abstract idea in part of a claim that is otherwise directed to patentable subject matter does not necessarily render the entire claim ineligible. Applying that principle to claim 19 of the '105 Patent, the Court finds that claim 19 is directed to a device that provides haptic feedback to communicate that one of several predetermined user-independent events has occurred. While Fitbit is correct that notification is a prominent idea of claim 19 and that notification is an abstract idea, *see, e.g.*, *FairWarning* [*IP LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1094 (Fed. Cir. 2016)], characterizing claim 19 as directed only to the abstract idea of notification, or even as directed only to the abstract idea of notification through vibration, strays too far from the weight of the claim. The weight of the claim clearly focuses on a tangible, non-abstract device as the invention which, through the allegedly unconventional combination of components, contains the new and useful feature of notifying the device's user of independent events through vibration.

5

2018 WL 115679, at *13. Here, limitations in the asserted claims similarly prevent preemption of all inventions that use vibrations, or "a vocabulary to convey information." The claims are directed to tangible systems—a "portable device" and a "mobile station," respectively—and include "specific components that are configured to perform specific functions in response to specific events." (D.I. 14 at 11). For example, the asserted claims of the '734 and '150 patents respectively require components to perform specific functions in response to "user entry of an incorrect personal identification number code" and "a selected item on a menu of the user interface."

Thus, these claims are akin to the claims in *Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253, 1259 (Fed. Cir. 2017), where the Federal Circuit reversed the district court's conclusion that the claims were directed to the "abstract idea of categorical data storage," stating that the claims "demonstrate[d] that they are directed to an improved computer memory system, not the abstract idea of categorical data storage." Likewise, the asserted claims here are directed to an improved "portable device" and "mobile station," respectively. The claims might incorporate the abstract idea of "using a vocabulary to convey information," but that does not mean that each claim in its entirety is directed to the abstract idea of "using a vocabulary to convey information," or to any other abstract idea.

Defendant characterizes the claims as pertaining to the abstract idea alone. (D.I. 11 at 7). Because of the claims' additional limitations, detailed above, Defendant's characterization "strays too far from the weight of the claim[s]." *See Immerson Corp.*, 2018 WL 115679, at *13.

Defendant argues that "courts routinely invalidate patents claiming tangible systems." (D.I. 15 at 5). As support, Defendant cites *Affinity Labs of Tex., LLC v. Amazon.com, Inc.*, 838 F.3d 1266, 1272 (Fed. Cir. 2016) (invalidating claims reciting "a handheld wireless device");

6

*Cloud Satchel, LLC v. Amazon.com, Inc.*, 76 F. Supp. 3d 553, 563 (D. Del. 2014) (invalidating claims reciting a "portable . . . device"); and *Intellectual Ventures I LLC v. T-Mobile USA, Inc.*, 2017 WL 3706495, at *9, *12 (invalidating claims reciting a "mobile station"). (D.I. 15 at 5-6). However, these cases are not analogous to the case at hand. In *Affinity Labs of Texas*, the claim covered "[a] media system, comprising" several elements, including "a collection of instructions . . . configured for execution by a processor of a handless wireless device." 838 F.3d at 1267-68. The Federal Circuit affirmed that the claim was directed to the abstract idea of "delivering user-selected media content to portable devices." *Id.* at 1269. In *Cloud Satchel*, the claim covered "[a] distributed system for accessing and distributing electronic documents using electronic document references, the distributed system comprising" several elements, including "a portable electronic document reference transport device." 76 F. Supp. 2d at 561-62. The court found that the claim was directed to the abstract idea of "storage and retrieval of electronic documents." *Id.* at 563. In *Intellectual Ventures I*, the claim covered "[a] method of transmitting a multimedia message, comprising" several steps, including "receiving a multimedia message from a first mobile station." 2017 WL 3706495, at *9. The court found that the claim was directed to the abstract idea of "converting a multimedia message into a common format—an email message—for sending to another party and then converting the received common format back into [a] multimedia message." *Id.* at *9-10. None of these claims are directed to an improved tangible system. Rather, the claims merely recite unimproved tangible systems within them. Here, on the other hand, the claims are directed to an improved "portable device" and "mobile station," respectively, and recite limitations for those improved tangible systems. Accordingly, each case cited by Defendant is distinguishable from the case at hand.[1]

---

[1] Defendant also argues that the asserted claims use "functional language," such as "alarm means" and "control means," making them abstract. (D.I. 15 at 6). However, functional claiming is generally permissible.

7

I find that the asserted claims are not directed to an abstract idea.

## IV. CONCLUSION

Defendant's Motion to Dismiss for Failure to State a Claim is denied. (D.I. 10)

A separate order will be entered.

---

*Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1255-56 (Fed. Cir. 2008). Defendant does not articulate why functional claiming renders these particular claims abstract.

Defendant also argues that the specification describes the "idea underlying the claimed invention" as abstract information being conveyed to a user "by utilizing specific silent alarm patterns the user is able to feel." (D.I. 15 at 7 (citing '150 patent at 2:32-34)). ). It is entirely appropriate for a court to look to the specification to understand the claim architecture. *SRI Int'l, Inc. v. Cisco Sys.*, 179 F. Supp. 3d 339, 354 (D. Del. 2016) ("The claims as an ordered combination (in light of the specification) sufficiently delineate 'how' the method is performed to 'improve the functioning of the computer itself,' thereby providing an inventive concept."). Defendant argues that the specification's description "refute[s] [Plaintiff's] claim that [Defendant] oversimplified the abstract idea underlying the claimed invention." (D.I. 15 at 7). However, the specification's description does not change the claim architecture. As discussed above, limitations within the claims themselves render the asserted claims non-abstract.

Accordingly, Defendant's arguments fall short.